87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth L. HERSHEY, Plaintiff-Appellant,
v.
CALIFORNIA STATE HUMANE SOCIETY; Michael S. Fraser; Santa
Clara Valley Humane Society; Harvey S. Nyland, Sheriff;
Curtis Hill, Sheriff; The San Benito County Sheriff's
Department; Hollister Police Department; Harry Damkarr,
District Attorney; Richard Brown, Detective of the San
Benito County Planning Commission; San Benito County Animal
Control; Chris Williams, Julie Carreiro; Dan Winn;
Camarino Sanchez; Mike Bath; David P. Blair and Larry
Wilson, M.D.; Humane Society of Santa Clara Valley,
Defendants-Appellees.
 No. 95-16917.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth L. Hershey appeals pro se the district court's summary judgment dismissal of his civil rights and Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., action against the Santa Clara Valley Humane Society, Michael Frazer, San Benito County, Richard Brown, Larry Williams, City of Hollister, Chris Williams, Julie Carreiro, and Camerino Sanchez.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Our de novo review of the entire record reveals that the district court properly granted summary judgment of Hershey's 42 U.S.C. § 1983 claims against the defendants based upon qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982); Scott v. Heinrich, 39 F.3d 912, 916 (9th Cir.), cert. denied, 115 S.Ct. 2612 (1995) (municipal defendants cannot be held liable when no constitutional violation occurred).[2] The district court also properly dismissed Hershey's 42 U.S.C. § 1985 claim, see Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (plaintiff must show some class based discrimination); his section 1986 claim, see McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir.1990), cert. denied, 504 U.S. 957 (1992) (section 1986 claim valid only if valid section 1985 claim exists); and his section 1988 claim, see Moor v. County of Alameda, 411 U.S. 693, 703-04 & n. 17 (1980) (no independent cause of action under section 1988).
 
 
 4
 The district court also properly dismissed Hershey's RICO claim against Santa Clara Valley Humane Society and Frazer[3] because Hershey failed to provide evidence that either one committed any of the predicate acts enumerated in 18 U.S.C. § 1961(1). See 18 U.S.C. § 1961(5); H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 240 (1989) (pattern of racketeering requires showing of at least two acts of racketeering activity).
 
 
 5
 After examining the entire record, we reject Hershey's conclusory allegations of judicial bias. See Liteky v. United States, 114 S.Ct. 1147, 1157 (1994).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On March 30, 1995, Hershey stipulated to the dismissal of Harvey S. Nyland, Curtis Hill, Harry Damkarr, Dan Winn, and David P. Blair with prejudice
 The caption incorrectly identifies Larry Williams as Larry Wilson.
 
 
 [2]
 We reject Hershey's argument that Frazer is not entitled to qualified immunity because he is not a government official. If this were true, then the 42 U.S.C. § 1983 claims against them would be dismissed for lack of state action. See e.g., Collins v. Womancare, 878 F.2d 1145, 1150 (9th Cir.1989), cert. denied, 493 U.S. 1056 (1990) (no state action when private citizen makes citizen's arrest)
 
 
 [3]
 The district court granted Hershey's motion to dismiss the RICO claims against San Benito County, Richard Brown and Larry Williams